**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Velazquez, | No. CIV 07-1044-PHX-CKJ |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| vs. | |
| Dora B. Schriro, et al., | **ORDER DISMISSING PETITION** |
| Respondents. | |

On May 24, 2007, Petitioner Juan Velazquez, an Arizona prisoner under sentence of death, filed *pro se* a Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254. The petition asserts that the Arizona Supreme Court has refused to provide him with either a complete record for appeal or conflict-free appellate counsel. (Dkt. 1 at 1.) Therefore, he requests that this Court order a stay of state court appellate proceedings and provide appointment of federal habeas counsel to pursue his claims in this Court. (*Id.* at 2; Dkt. 4.)

## BACKGROUND

According to the petition, Petitioner was sentenced to death in Maricopa County Superior Court on October 8, 2004. (Dkt. 1 at 6.) Pursuant to Rule 31.2(b) of the Arizona Rules of Criminal Procedure, an automatic notice of appeal was filed on that same date. Sentencing on Petitioner's non-capital convictions occurred on November 5, 2004, and notice of appeal from this judgment was filed three days later. (*Id.*)

Petitioner further states in his petition that his case was passed through several public defender agencies before being assigned to a contract appellate attorney in May 2005 and that notice of record completion was filed in June 2005. (*Id.* at 8-10.) According to Petitioner, appellate counsel had to withdraw in November 2006, and an order appointing Richard Gierloff as substitute counsel was entered on January 6, 2006. (*Id.* at 10-11.) Mr. Gierloff then enlisted the help of another attorney, Vikki Liles, whom Petitioner alleges has a conflict because prior to trial, at a time when she was employed by the Maricopa County Public Defender, she was forced to withdraw from his case based on a conflict of interest. (*Id.* at 11-12.) It is not clear from this record whether the withdrawal was necessitated by an actual conflict for Ms. Liles or another attorney employed by the Maricopa County Public Defender.

Mr. Gierloff (aided by Ms. Liles) filed the opening appellate brief on November 30, 2006, over Petitioner's objection that transcripts from the trial contain mistakes and omissions requiring correction and that Ms. Liles suffers from a conflict. (*Id.*) According to the Arizona Supreme Court's docket for Petitioner's case, briefing was completed on May 10, 2007, and oral argument was held on May 27, 2007, the same day Petitioner filed the instant petition. *See Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995) (holding a federal court may take judicial notice of proceedings in other state and federal courts). The case is pending a decision by the Arizona Supreme Court.

## DISCUSSION

The Rules Governing Section 2254 Cases permit a district judge to summarily dismiss a petition when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. In all other cases, the court is to order the respondent to file an answer or other appropriate pleading. *Id.* Here, it appears that Petitioner is not entitled to relief at this time.

Before a district court may grant habeas relief to a state prisoner, the prisoner must first satisfy the exhaustion requirement. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust a claim, a petitioner must describe both the operative facts

- 2 -
Case 2:07-cv-01044-CKJ   Document 5   Filed 07/30/2007   Page 2 of 7

and the federal legal theory so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim." *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003). In cases carrying a death sentence, such as Petitioner's, claims are exhausted once the Arizona Supreme Court has ruled on them. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

The exhaustion requirement is not satisfied if there is a post-conviction proceeding, such as an appeal, still pending in state court, even if the issue to be challenged in the federal habeas petition has been finally settled in the state courts. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). This is because, even if the federal constitutional question raised by the petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question. *Id.*

Petitioner argues that he is excused from the exhaustion requirement because "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." *Coe v. Thurman*, 922 F.2d 528, 530 (9th Cir. 1990) (citing 28 U.S.C. § 2254(b)(1)(B)). In *Coe*, the Ninth Circuit refused to apply the *Sherwood* rule to a petitioner who had brought a due process claim arising from extreme delay in state appellate proceedings. *Id.* The petitioner demonstrated that the delay would impair his defense in the event of a retrial. *Id.* at 531-32. The court excused exhaustion, reasoning that it would be meaningless to send a petitioner back to state court on an exhaustion rationale when the essence of his due process claim arose out of his ability to exhaust state remedies.[1] *Id.* at 530.

Petitioner relies heavily on *Coe*, but he does not allege that the Arizona Supreme Court has unduly delayed disposition of his appeal. Indeed, Petitioner seeks an order from

---

[1] In *Coe*, the court considered the following four factors in determining whether delay was so inordinate that it violated the petitioner's due process rights: (1) length of the delay; (2) reason for the delay; (3) defendant's assertion of his rights; and (4) prejudice. 922 F.2d at 531-32.

this Court staying his state appellate proceedings. Even were the Court to consider the timing issue, Petitioner has failed to establish unusual or excessive delay in the processing of his appeal. Unlike the petitioner in *Coe*, Petitioner was convicted of first degree murder and sentenced to death. Capital trials are by nature lengthy and complex. There are also numerous administrative issues attendant upon direct appeals of Arizona death penalty cases, including the length of records and the fact that appellate counsel must meet the qualifications of Rule 6.8 of the Arizona Rules of Criminal Procedure. Information provided by a recent study of appellate case processing in states with capital punishment, including Arizona, reveals that the median time from date of death sentence to appellate decision is 2.7 years. Barry Latzer & James N.G. Cauthen, *Justice Delayed? Time Consumption in Capital Appeals: A Multistate Study* 28 (2007), http://www.ncjrs.gov/pdffiles1/nij/grants/217555.pdf. Petitioner's case, at this point in his state appellate proceeding, is within the average period for a direct capital appeal. Thus, he has failed to establish that his case has been inordinately delayed.

As noted, the crux of Petitioner's complaint is not undue delay. Rather, he complains about the completeness of the state court record on appeal and alleges that his appellate counsel suffers from a conflict of interest. These allegations fall far short of establishing that there is "an absence of available State corrective process" or the existence of circumstances that "render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii); *see Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) ("An exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."). Petitioner's allegations concerning the competency of appellate counsel must necessarily be presented in a state post-conviction-relief (PCR) petition, which will not be initiated until after his direct appeal proceedings are concluded. *See State v. Spreitz*, 202 Ariz. 1, 2, 39 P.3d 525, 526 (2002) (directing that all IAC claims be presented in a PCR petition rather than appeal); Ariz. R. Crim. P. 32.4 (providing in capital cases for automatic notice of PCR upon issuance of direct appeal mandate). In addition, Petitioner has filed in

state court *pro se* motions regarding his record concerns, and if, as Petitioner speculates, the Arizona Supreme Court renders a decision based on an erroneous determination of the facts, he is entitled to seek reconsideration of that ruling or pursue the issue in PCR proceedings. *See* Ariz. R. Crim. P. 31.18(c), 32.1. The Court concludes that there is neither absent nor inadequate state corrective process in Arizona to adjudicate Petitioner's claims. Therefore, he is subject to the exhaustion requirement. 28 U.S.C. § 2254(b).

Petitioner also requests appointment of federal habeas counsel under 18 U.S.C. § 3599 (former 21 U.S.C. § 848(q)(4)(B)) and *McFarland v. Scott*, 512 U.S. 849 (1994). In relevant part, § 3599 provides:

> In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation . . . shall be entitled to the appointment of one or more attorneys . . . .

18 U.S.C. § 3599(a)(2). In *McFarland*, the Court construed this statutory right to counsel to include the right to legal assistance prior to the filing of a formal habeas corpus petition and concluded that "a 'post conviction proceeding' is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding." 512 U.S. at 856-57.

However, as already noted, an application for habeas corpus relief may not be granted unless it appears that all remedies in state court have been exhausted. 28 U.S.C. § 2254. This requirement is premised on the doctrine of comity, which provides that state courts should have the first opportunity to decide a petitioner's claims. *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (reaffirming the Supreme Court's "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court") (citing *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

Justice Blackmun, who authored the majority opinion in *McFarland v. Scott*, recognized that the right to counsel under former § 848(q) generally attaches only after state remedies have been exhausted. In a dissent from the Court's order denying certiorari in a separate petition filed by McFarland, the justice wrote: "The right to qualified legal counsel

in federal habeas corpus proceedings bestowed by § 848(q)(4)(B) is triggered only after a capital defendant has completed his direct review and, generally, some form of state postconviction proceeding." *McFarland v. Scott*, 512 U.S. 1256, 1263 (1994) (Blackmun, J., dissenting); *see also Death Row Prisoners of Penn. v. Ridge*, 948 F. Supp. 1278, 1281 (E.D. Pa. 1996) (denying appointment of counsel after determining that statutory right to counsel triggered only upon exhaustion of state court remedies); *Moseley v. Freeman*, 977 F. Supp. 733, 734 (M.D. N.C. 1997) ("The statutory procedure of Section 848(q)(4)(B) presupposed that the petitioner has a present right to file a Section 2254 post-conviction proceeding. This normally occurs when state post-conviction proceedings have been exhausted.").

Because Petitioner has failed to establish that there is "an absence of available State corrective process" or "the existence of circumstances rendering such process ineffective," 28 U.S.C. § 2254(b)(1)(B), he is not excused from the exhaustion requirement. In light of the pending proceedings in state court, which could affect Petitioner's conviction and/or sentence and which could also ultimately affect these proceedings, it would be inappropriate for this Court to appoint federal habeas counsel or to rule on Petitioner's claims at this time. *Sherwood*, 716 F.2d at 634; *Schnepp v. State of Oregon*, 333 F.2d 288 (9th Cir. 1964) (*per curiam*) (pending post-conviction proceedings precluded grant of writ of habeas corpus). Because this habeas action is premature, the Court will dismiss the case without prejudice to refiling after Petitioner has exhausted all remedies in state court.

Based on the foregoing,

**IT IS ORDERED** that Petitioner's motions for stay of state court proceedings and appointment of federal habeas counsel (Dkts. 2 & 4) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's *Pro Se* Petition for Writ of Habeas Corpus (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court shall serve a copy of the petition and this Order on

1  Kent Cattani, Assistant Arizona Attorney General.

2  **IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this Order

3  to Rachelle M. Resnick, Clerk of the Arizona Supreme Court, 1501 W. Washington, Phoenix,

4  AZ 85007-3329.

5  DATED this 27th day of July, 2007.

_____
Cindy K. Jorgenson
United States District Judge